## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

R.W., by and through his parent,
M.W. and M.W.,

               **Plaintiffs,**

   **v.**

GEORGIA DEPARTMENT OF
EDUCATION, OFFICE OF STATE
ADMINISTRATIVE HEARINGS
FOR THE STATE OF GEORGIA,
SOCIAL CIRCLE CITY SCHOOL
DISTRICT, GEORGIA BOARD OF
EDUCATION, KATHY COX in her
official capacity as Georgia
Superintendent of Schools, LINDA
ZECHMANN, PEGGY NIELSON,
WANDA BARRS, WILLIAM
BRYANT, JOY BERRY, JAMES
BOSTIC, JR., JOSE PEREZ,
MARY MURRAY, PAT
BIGGERSTAFF, JAMES
FRANKLIN, ALBERT HODGE,
CAROL WILLIAMS, and DEAN
ALFORD, in their official capacities
as members of The Georgia Board of
Education,

               **Defendants.**

**1:07-cv-535-WSD**

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss [4] and

Motion for Attorneys Fees [5].  Also before the Court are Defendants' Motion to

Stay Discovery [6] and Defendant Georgia Department of Education's ("GDOE")

Motion to Seal the Administrative Record [12].[1]

## I.    BACKGROUND

Plaintiff R.W. ("R.W.") is a disabled child who resides in Social Circle City,

Georgia and attends public schools in the Social Circle City School District

("SCCSD").  Plaintiff M.W. ("M.W.") is R.W.'s mother.  R.W. is entitled under

the Individuals with Disabilities Education Improvement Act, 42 U.S.C. § 1400 et.

seq. ("IDEA") to free, appropriate, public education from SCCSD.

Defendants in this case fall into three distinct groups.  SCCSD is the school

system alleged to have failed to follow the IDEA and to have discriminated against

R.W.  The Georgia Board of Education ("GBOE"), its members, the Georgia

Department of Education ("GDOE"), and its superintendent Kathy Cox

---

[1] IDEA requires educational agencies that maintain records to protect the
confidentiality of personally identifiable information.  20 U.S.C. § 1417.  The
Motion to Seal contains such information.  The Motion to Seal is also unopposed.
The Court finds that good cause has been shown for the Administrative Record to
be filed under seal.  The Motion to File Under Seal [12] is **GRANTED**.

(collectively, "State Educational Defendants"), are alleged to have aided and abetted denials of the due process rights of disabled children in certain administrative hearings held to enforce IDEA rights.  The Office of State Administrative Hearings ("OSAH") is an administrative body that maintains administrative law judges ("ALJs") who administer hearings to determine whether students' rights under the IDEA have been violated.  Plaintiffs allege that OSAH not only denied R.W.'s due process rights in this case, but that it follows a custom or practice of denying the due process rights of disabled children.

On July 24, 2006, Plaintiffs filed with OSAH a due process complaint under the IDEA ("IDEA complaint").  The IDEA complaint alleged twenty-one deficiencies in SCCSD's handling of R.W.'s education.[2]  Plaintiffs specifically alleged that SCCSD refused to evaluate or assist R.W. with issues he experienced with handwriting, speech, language, reading, and mathematical reasoning. Plaintiffs alleged that SCCSD never conducted an IDEA evaluation or functional behavioral assessment of R.W. and that when R.W. was privately evaluated, he

_____

[2]  The administrative record in this case, including the proceedings before OSAH regarding the IDEA complaint, have not yet been filed with the Court.  For the purposes of this motion, the Court accepts as true Plaintiffs' version of the proceedings held on their IDEA complaint.

was found to have "average" intelligence, even though his math reasoning and spelling skills were found to be below the 2nd percentile for his age.  Plaintiffs also alleged specific instances of discrimination against R.W. by SCCSD staff, including a teacher calling R.W. a "donkey" and permitting students to verbally and physically harass him.

OSAH assigned R.W.'s case to an ALJ.  After a number of motions by both Plaintiffs and SCCSD,[3] including SCCSD's objection to the sufficiency of the IDEA complaint, the ALJ stayed the case until September 1, 2006.  On October 13, 2006, the ALJ entered a Notice of Hearing Order, scheduling a hearing on the IDEA complaint on non-consecutive days in December.  On October 16, 2006, SCCSD moved to dismiss the IDEA complaint.  The ALJ denied the motion, and also denied SCCSD's initial objection to the sufficiency of the IDEA complaint. The ALJ required Plaintiffs to file by November 16, 2006 an amended complaint streamlining the twenty-one issues of the original IDEA complaint.

On November 17, 2006, Plaintiffs filed an Amended IDEA complaint reducing the twenty-one issues of the original IDEA complaint to four: i) denial of free appropriate public education; ii) discrimination iii) failure to evaluate; and iv)

_____

[3] Plaintiffs allege that SCCSD's motions were untimely.

failure to provide education in the "least restrictive environment."  After the

Amended IDEA complaint was filed, SCCSD missed a statutory disclosure

deadline.  Plaintiffs allege that the ALJ excused SCCSD from the consequences of

missing this deadline without requiring SCCSD to justify or explain its failure to

file on time.

On December 6, 2006, the ALJ dismissed the Amended IDEA complaint,

holding that it had been untimely filed and that it failed to provide SCCSD with

fair notice of the issues in the case.  Plaintiffs admit that the Amended IDEA

complaint was filed one day late.  Plaintiffs' counsel claims that she attempted to

file the pleading by the deadline, but that various computer difficulties caused her

to miss the deadline.[4]

On March 6, 2007, Plaintiffs filed the present complaint in this Court, in

which they: i) appeal the dismissal of the IDEA complaint; ii) allege that

Defendants, by dismissing the IDEA complaint as part of a practice, policy, and

custom of dismissing complaints brought by or on behalf of disabled children,

denied Plaintiffs' First and Fourteenth Amendment rights under the United States

---

[4] Plaintiffs' counsel filed the Amended IDEA complaint while traveling. Her late filing appears to relate to her attempt to use her hotel's public computer to file the pleading.

Constitution; iii) allege that they were deprived of a fair hearing under IDEA "by the SCCSD filing bad faith, frivolous motions over and over" and by OSAH and the State Educational Defendants "granting a dismissal of Plaintiffs' IDEA complaint," which Plaintiffs allege is "part of a larger practice, custom, procedure, and policy to rule in favor of school districts" (Compl. at § 82); iv) allege that SCCSD discriminated against R.W. in violation of the ADA and IDEA; and v) allege that OSAH violated IDEA by discriminating against R.W. as part of a "practice and policy" of improperly dismissing IDEA complaints by disabled children.

Plaintiffs appear to claim that OSAH operates under a procedural double standard in which school systems are permitted to ignore or miss statutorily required deadlines while students are held to them.  Plaintiffs also allege a broad array of due process denials by ALJs against disabled children generally. Plaintiffs allege claims of various inappropriate connections between OSAH and school systems, that the OSAH Chief ALJ requires ALJs to rule in favor of school systems without regard to the legal merits of the case, that OSAH fails to comply with administrative rules or to require school systems to comply with the rules, that ALJs sleep through testimony offered by disabled children and discount the

testimony given, and that ALJs openly laugh at or ridicule disabled children and their parents.  Plaintiffs do not, however, allege that any of these improprieties occurred in this case.

Plaintiffs also allege that the Chief ALJ dislikes R.W's counsel and requires ALJs to rule against her clients.  Plaintiffs do not, however, allege that the Chief ALJ instructed the ALJ in this case to rule against Plaintiffs, and nothing in the record supports an inference that this occurred.

On May 21, 2006, Defendants filed a motion to dismiss in this Court, claiming that all claims should be dismissed as to OSAH and the State Educational Defendants.

## II.   DISCUSSION

Dismissal is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).   The Court must construe all facts in the light most favorable to plaintiffs. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face

dismissal of their claims." <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263

(11th Cir. 2004). "[C]onclusory allegations, unwarranted deductions of facts or

legal conclusions masquerading as facts will not prevent dismissal." <u>Id.</u> (citations

omitted).

    A.   <u>Standing</u>

Defendants first argue that Plaintiffs do not have standing to sue the State

Educational Defendants. The legal standard for determining standing is well

settled:

> A plaintiff seeking to invoke a federal court's jurisdiction
> must show three things to establish standing under
> Article III. First, he must show that he has suffered an
> "injury in fact." Specifically, the asserted injury must
> arise out of the invasion of a legally protected interest
> that is sufficiently concrete and particularized rather than
> abstract and indefinite. Second, the plaintiff must show a
> causal connection between the asserted injury-in-fact and
> the challenged action of the defendant. That casual
> connection cannot be too attenuated. Third, the plaintiff
> must show that it is likely rather than speculative that the
> injury will be redressed by a favorable decision.

<u>Wooden v. Board of Regents of Univ. System of Ga.</u>, 247 F.3d 1262, 1274 (11th

Cir. 2001) (citations and quotations omitted).

Plaintiffs assert claims against the State Educational Defendants under the IDEA and United States Constitution.[5]  IDEA provides federal funding to assist state and local agencies in the education of children with disabilities.  IDEA conditions federal funding on a state's compliance with federally mandated goals and procedures.  The goal of IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education . . . designed to meet their unique needs and prepare them for employment and independent living."  20 U.S.C. § 1400(d)(1)(A).

If a parent believes that state or local agencies are not properly implementing IDEA, the statute allows a parent to file a complaint and to have a hearing conducted on their grievance.  20 U.S.C. § 1415(f)(1).  IDEA further provides that "[a]ny party aggrieved by the findings and decision made [at this hearing] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section . . . ."  Id. at § 1415(h)(2).

_____

[5]  Plaintiffs also assert claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Defendants argue that these claims are only asserted against SCCSD.  The Complaint supports this claim and Plaintiffs do not dispute it.

Plaintiffs' current action appeals the ALJ's dismissal of Plaintiffs' IDEA complaint and alleges that Defendants violated R.W.'s constitutional rights by dismissing his IDEA complaint. Plaintiffs plainly have standing to bring a civil action to appeal the ALJ's dismissal of the IDEA complaint. They do not, however, have standing to bring claims against the State Educational Defendants in this context. Plaintiffs' Complaint before this Court makes clear that the only parties alleged to have injured them are SCCSD and OSAH. The only actions challenged in the Complaint are those taken by SCCSD and OSAH. Plaintiffs do not contend that the State Educational Defendants were involved in any way with the dismissal of Plaintiffs' IDEA complaint, nor do Plaintiffs allege that the ALJ dismissed their IDEA complaint to comply with a Georgia state policy enacted by any of the State Educational Defendants. There is simply no causal connection between the State Educational Defendants and the injury about which Plaintiffs complain. The absence of such a connection compels the conclusion that Plaintiffs have no standing to sue the State Educational Defendants.

As to the due process and other Constitutional claims, Plaintiffs have not alleged any injury-in-fact traceable to the State Educational Defendants, and no such injury appears to exist. Plaintiffs assert broad, conclusory, tabloidesque

-10-

allegations concerning the "policy, custom, and practice" of OSAH, GDOE, and

GBOE of denying due process to disabled children, such as ALJs sleeping at

hearings, calling children and attorneys names, and allowing school districts to

violate the procedural rules set forth by IDEA.  Plaintiffs have not claimed,

however, that any of these generalized practices actually occurred during any

proceeding involving R.W. or M.W.  It is axiomatic that a plaintiff lacks standing

to challenge administrative decisions in hearings to which they were not parties.

Raines v. Byrd, 521 U.S. 811, 818-19 (1997).  Even if the ALJ in R.W.'s case

violated Plaintiffs' Constitutional rights, Plaintiffs have failed to identify how that

harm is traceable to GDOE or GBOE.

As two courts in this district have noted in cases asserted by the same

attorney representing Plaintiffs in this action, alleging similar facts against the

same defendants, "vague allegations" of generalized improprieties "simply cannot

form the basis for a suit against the entire administrative process."   K.C. v. Fulton

County School District, No. 1:03-cv-3501 (N.D. Ga., August 21, 2004) quoting

M.T.V. v. Sonny Perdue et. al., No. 1:03-cv-0468 (N.D. Ga. 2004).  In each of

these cases, which assert similar claims using strikingly similar language, courts

have dismissed the State Educational Defendants including the GDOE, GBOE, and

OSAH.  The courts in these cases held unambiguously that disabled children and their parents appealing IDEA-related claims determined by OSAH  had no standing to assert those claims against the State Educational Defendants or OSAH itself.  The State Educational Defendants are simply not necessary for the Court to effect an adequate remedy for Plaintiffs' claims.

In defending the broad, generalized allegations of the Complaint, Plaintiffs rely on the general legal proposition, taught in the first year of every law school in the United States, that "for every right, there is a remedy."  Marbury v. Madison, 5 U.S. 137, 162-63 (1803).  Principles of standing, however, permit the Court to determine *only the Plaintiffs'* rights, and only the remedies appropriate for the *violation of those specific rights*.  Marbury's guarantee of a remedy for every right does not entitle parties to assert claims against whomever they please without regard to whether those parties are reasonably anticipated to be legally and factually accountable for the alleged injury.  Plaintiffs are entitled to receive due process and a fair determination of their IDEA complaint, and are entitled to seek redress for any due process deficiencies in the determination of their IDEA complaint.  Plaintiffs are not, however, entitled to assert a generalized challenge against an entire administrative system based on alleged incidences of misconduct

-12-

that did not occur in their case.  Plaintiffs claims against the State Educational

Defendants are dismissed.

      B.    <u>OSAH</u>

      Defendants next argue that Plaintiffs' claims against OSAH should be

dismissed because OSAH and its ALJs are immune from suit.  Plaintiffs do not cite

any authority to support their claims against OSAH.  Plaintiffs argue only that:

> OSAH is not a judicial body. Instead, it is an
> administrative body paid b [sic] contract to hear
> complaints filed by disabled children and their parents.
> As such, it has a duty under the IDEA to comply with the
> IDEA and the constitutional mandates of due process and
> an individuals' right to redress its government.

(Pls. Response at 20-21.)

      It is well-settled that ALJs are immune from suit when acting in their

judicial capacities.  <u>Smith v. Shook</u>, 237 F.3d 1322, 1325 (11th Cir. 2001).

Plaintiffs, however, have not named any ALJ as a defendant in this action.  The

operative question is whether OSAH as an organization, rather than an ALJ as an

individual, is an appropriate defendant in this suit.  The Court concludes that it is

not.

      Regulations enacted pursuant to IDEA provide that IDEA applies to (1)

"each state that receives payments . . . .; and 2) all political subdivisions of the

State that are involved in the education of children with disabilities," including (a)

the state educational agency, (b) local educational agencies; and (c) other state

agencies, such as departments of mental health and welfare, state schools, or

correctional facilities. 34 C.F.R. § 300.2(a)-(b).  On their face, the regulations do

not appear to authorize suit against an administrative body such as OSAH whose

function is judicial rather than educational.

Plaintiffs do not provide any authority that even suggests that OSAH can be

sued under IDEA.  Plaintiffs argue only that the regulations clearly state that IDEA

applies to "all political subdivisions of the State that are involved with the

education of children with disabilities . . ."  34 C.F.R. § 300.2(b)(1).  The first step

of statutory construction is to start "with the words of the statutory provision."

CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir. 2001).

When "the words of a statute are unambiguous . . . this first canon is also the last:

judicial inquiry is complete."  Merritt v. Dillard Paper Co., 120 F.3d 1181, 1186

(11th Cir. 1997).  The regulation, on its face, states that IDEA applies to political

subdivisions "involved with the education of children with disabilities."  OSAH

and ALJs are not "involved with the education of children with disabilities."

OSAH is involved only with determining whether other state or local entities have

-14-

complied with the law.  Further, OSAH is not a political subdivision of the state of

Georgia.[6]  Plaintiffs do not offer any authority or argument to contradict this plain

reading of the regulation.

Further, as noted previously by courts in this district, holding OSAH liable

in a civil suit "would not make logical sense. . . . [I]t would equate to a disgruntled

litigant appealing a decision rendered by the United States District Court and, in so

doing, joining . . . the district court itself."  M.T.V. at 29.  This Court agrees.  The

Court notes that dismissing OSAH from this suit does not affect Plaintiffs' access

to a legal remedy.  Any appropriate remedy related to Plaintiffs' IDEA complaint

can be enforced against SCCSD.

C.    Attorney's Fees

Defendants move for attorney's fees pursuant to 20 U.S.C.

§§ 1415(i)(3)(B)(II) and (III).  These provisions state:

> [T]he court, in its discretion, may award reasonable
> attorneys' fees as part of the costs . . . . to a prevailing
> party who is a State educational agency or local
> educational agency against the attorney of a parent who
> files a complaint or subsequent cause of action that is

---

[6]  Under Georgia law, OSAH is constituted as an office within the executive branch.  O.C.G.A. § 50-13-40.  Georgia law defines a "political subdivision" as a state or local body with the power to sue or issue bonds.  See, O.C.G.A. § 50-15-1. OSAH's statutory grant of existence does not enable it to do either.

> frivolous, unreasonable, or without foundation, or against
> the attorney of a parent who continued to litigate after the
> litigation clearly became frivolous, unreasonable, or
> without foundation; or . . . to a prevailing State
> educational agency or local educational agency against
> the attorney of a parent, or against the parent, if the
> parent's complaint or subsequent cause of action was
> presented for any improper purpose, such as to harass, to
> cause unnecessary delay, or to needlessly increase the
> cost of litigation.

20 U.S.C. § 1415(i).

Defendants argue that Plaintiffs were aware that the State Educational

Defendants and OSAH were not appropriate defendants in this case.  Defendants

cite two prior decisions in this district which held on similar facts that the GDOE,

GBOE, and OSAH were not proper parties.  See M.T.V. v. Sonny Perdue et. al.,

No. 1:03-cv-0468 (N.D. Ga., Feb. 3, 2004); K.C. v. Fulton County School District,

No. 1:03-cv-3501 (N.D. Ga., Aug. 31, 2004).  Plaintiffs' counsel in this case also

represented the plaintiffs in those cases.  Defendants argue that Plaintiffs' inclusion

of these parties in this case was thus unreasonable, baseless, and presented for an

improper purpose.

In response, Plaintiffs' counsel lists her law school and employment

credentials.  She also claims that "she is well aware of the systemic, gross,

intentional violations of clear law" committed by "what she and many other have

-16-

found to be a corrupt, lawless, out of control system where state entities continue to take federal funding while they ignore, on purpose, with malice, and with contempt, federal laws and constitutional rights."  (Pls. Resp. at 22.)

Plaintiffs' counsel misapprehends the purpose of the attorney's fees determination, and her rhetoric lacks the disciplined legal analysis this Court expects of its officers.  In determining attorneys' fees, the Court looks only to whether Plaintiffs' claims against the State Educational Defendants and OSAH had a reasonable basis in the law.  Plaintiffs' injuries are unconnected in any way to the State Educational Defendants.  Other courts in this district have repeatedly held, in cases advocated by Plaintiffs' counsel in this case, that the State Educational Defendants and OSAH are not proper defendants in IDEA suits.  Simply put, Plaintiffs' counsel knew that no legal foundation existed to include the State Educational Defendants or OSAH in her Complaint.  Plaintiffs' counsel cites no authority or new argument to justify her inclusion of these defendants again in this case.

In light of clear existing precedent, the absence of any persuasive justification from Plaintiffs' counsel, and the obvious knowledge on the part of

Plaintiffs' counsel that some of her claims would be subject to dismissal, the Court finds an award of attorneys' fees appropriate.

## III.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [4] is **GRANTED**.  Plaintiffs' Complaint is **DISMISSED** as to Defendants Office of State Administrative Hearings, Georgia Board of Education, Georgia Department of Education, Kathy Cox, and the members of the Georgia Board of Education (named as Linda Zechmann, Peggy Neilson, Wanda Barrs, William Bryant, Joy Berry, James Bostic, Ir., Jose Perez, Mary Murray, Pat Biggerstaff, James Franklin, Albert Hodge, Carol Williams, and Dean Alford).

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees [5] is **GRANTED**.  Defendants shall file with the Court a detailed and itemized explanation of the attorney's fees they seek by October 15, 2007.  Plaintiffs may file a response on or before October 22, 2007.

**IT IS FURTHER ORDERED** that the Motion for Leave to File the Administrative Record Under Seal [12] is **GRANTED**.  Defendants' Motion to Stay [6] is **DENIED AS MOOT**.

**SO ORDERED** this 4th day of October, 2007.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE